UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>M. VALASCO, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-00049-MJS<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIM<br><br>(ECF NO. 11)<br><br>PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Robert DeWayne Bosley, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 14, 2014.  (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

On April 29, 2014, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 10.)  Plaintiff's First Amended Complaint (ECF No. 11) is now before the Court for screening.

///

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies Fresno County and Mario Valasco, Correctional Officer, Fresno County Jail, as Defendants.

Plaintiff alleges the following:

On December 14, 2013, Plaintiff, a pretrial detainee housed in the Fresno County Jail, was found by officers to have delayed the feeding process, a minor rules violation. Plaintiff was put on the ground and handcuffed by officers Sandoval and Rodriguez. At that point, after the situation was under control, Defendant Valasco punched Plaintiff in the eye, struck Plaintiff in the back of the head, put his knees on Plaintiff's lower back, and grabbed Plaintiff's hand. (Compl. at 4.) Plaintiff's right orbital rim was fractured and he now has vision problems. His two fingers were dislocated and damaged to the point that use of his hand is limited. He suffered abrasions and ongoing pain generally. The assault and resulting pain cased emotional distress. (Id. at 3.)

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.   Excessive Force

A pretrial detainee is not protected by the Eighth Amendment's proscription against cruel and unusual punishment because he has not been convicted of a crime. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of excessive force which amounts to punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham, 490 U.S. at 395 n. 10), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies. Lolli, 351 F.3d at 415. The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. See Gibson, 290 F.3d at 1197 (citation omitted).

The amended complaint is brief and does not include a detailed description of the circumstances. However, Plaintiff alleges that he committed only a minor rule violation for which he was handcuffed and immobilized on the ground by two officers. Plaintiff asserts that the situation was under the officers' control at that point. The Court reasonably infers therefrom that Plaintiff did not at that time pose an immediate threat to anyone. Nevertheless, according to Plaintiff, Defendant Valasco then attacked and severely injured Plaintiff. Plaintiff's allegations taken as true, as they must be at this stage of the proceedings, adequately allege that Defendant Valasco's conduct was objectively unreasonable under the circumstances and therefore state a cognizable Fourth Amendment excessive force claim against him. Lolli, 351 F.3d at 415.

### C. Municipal Liability

The Complaint also alleges that Fresno County is liable in this action because Defendant Valasco is a county employee. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).

1  Rather, a local government unit may only be held liable if it inflicts the injury complained
2  of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

3  Generally, a claim against a local government unit for municipal or county liability
4  requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving
5  force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles,
6  477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385
7  (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed
8  where the local government unit's omission led to the constitutional violation by its
9  employee. Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff
10 must show that the municipality's deliberate indifference led to its omission and that the
11 omission caused the employee to commit the constitutional violation." Id.  Deliberate
12 indifference requires a showing "that the municipality was on actual or constructive
13 notice that its omissions would likely result in a constitutional violation." Id.

14 The Complaint does not allege that a deliberate policy, custom, or practice was
15 responsible for the excessive force or that Fresno County was somehow deliberately
16 indifferent.  Accordingly, Plaintiff has failed to state a claim against Fresno County.  The
17 Court will grant leave to amend.  To state a claim against a government entity, Plaintiff
18 must allege truthful facts consistent with the above legal standard.

19 **V.    CONCLUSION**

20 The Complaint states a Fourth Amendment excessive force claim against
21 Defendant Valasco but does not state a claim against Fresno County.  The Court will
22 provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies
23 identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.
24 1987).

25 If Plaintiff does not wish to file an amended complaint and is agreeable to
26 proceeding only on his cognizable claim, Plaintiff may so notify the Court in writing, and
27 the Court will dismiss his other claim.  Plaintiff will then be provided with a summons and
28

USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Valasco.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, OR

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   July 29, 2014           /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE