UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DeWAYNE BOSLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. VALASCO, et al., <br><br> Defendants. | CASE NO. 1:14-cv-00049-MJS (PC) <br><br> **ORDER REGARDING STIPULATED PROTECTIVE ORDER FOR MENTAL HEALTH RECORDS RE ROBERT BOSLEY** <br><br> **(ECF No. 37)** <br><br> **FEBRUARY 8, 2016 DEADLINE** |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Velasco on Plaintiff's Fourteenth Amendment Excessive Force claim, which arose while Plaintiff was detained pre-trial at the Fresno County Jail.

Before the Court for approval is a stipulated[1] protective order between defense counsel and the California Department of Corrections and Rehabilitation ("CDCR"), a non-party. (ECF No. 37.) The stipulation notes that, on December 3, 2015, defense

---

[1] In this Court's experience "stipulation" refers to an agreement among all parties, or at least all parties affected by the proposed stipulation. It is thus misleading to suggest that what was presented here is a "stipulation" since the party primarily affected by it objects to it. The Court notes that Defense counsel fully disclosed the circumstances of this "stipulation", and so assumes no intent to mislead. However, a more appropriate title would have precluded the risk of the Court reasonably assuming all parties were in agreement.

counsel issued a subpoena for Plaintiff's mental health records in the custody of CDCR. The motion further states that, pursuant to California Welfare and Institutions Code § 5328(f), CDCR may not release mental health records without a Court order stating that such release is necessary to the administration of justice. The stipulation states that the records are necessary to the administration of justice because Plaintiff put his mental health in issue. The stipulation also sets forth various restrictions on the use and distribution of the documents.

After filing the stipulation, defense counsel filed a declaration stating that Plaintiff had written to defense counsel objecting to the release of mental health records. However, because Plaintiff had not filed a motion to quash, defense counsel "invite[d] the Court to set a motion to quash the subpoena sua sponte." Defense counsel also noted that the discovery deadline in this action is January 12, 2016, and requested time beyond that deadline to resolve this issue.

**II.   DISCUSSION**

The stipulated protective order purports to serve as a judicial finding that the records at issue are necessary for the administration of justice. For the reasons set forth below, the Court is unable to make such a finding.

First, the protective order specifies that only those mental health records identified in the December 3, 2015 subpoena will be produced. However, no such subpoena has been presented to the Court. Without the ability to examine the proposed subpoena language, the Court cannot determine if the request is properly limited to protect Plaintiff's interest in the confidentiality of such records.

Second, the Court is unable to determine that such disclosure is necessary to the administration of justice, California Welfare and Institutions Code § 5328(f), or supported by good cause, 42 U.S.C. § 290dd-2(b).[2] The instant matter involves a single claim of excessive force. Plaintiff's allegation that he suffered "mental anguish" as a result does

---

[2] Actually, due to the lack of information provided regarding the records sought, it is difficult to determine whether either of the cited provisions applies.

2

not support a wholesale disclosure of all of Plaintiff's mental health records. Again, without the ability to review the subpoena or the records, the Court cannot determine whether or to what extent disclosure may be necessary.  A stipulation between defense counsel and a non-party cannot alone support a finding of necessity or good cause particularly where, as here, Plaintiff writes to defense counsel to object that the subpoena is overbroad and offers to provide copies of relevant records.

CDCR has been subpoenaed to provide Plaintiff's mental health records. If CDCR cannot comply with the subpoena without a court order, it may file a motion to quash. See Fed. R. Civ. P. 45(d)(3)(A)(iii). If CDCR does not file such a motion but nonetheless refuses to provide the records, defense counsel may seek an Order of the Court compelling compliance with the subpoena. Fed. R. Civ. P. 45(c)(2)(B)(i). Alternatively, defense counsel may attempt to resolve the matter by filing further briefing with competent support addressing the concerns outlined above.

Plaintiff is advised that if he wishes to object to the subpoena, he may file with the Court a motion to quash subpoena pursuant to Federal Rule of Civil Procedure 45. He should in all events advise the Court as well of the opposing party of his objections.

### III.     CONCLUSION

Based on the information provided, the Court cannot presently approve the stipulation between defense counsel and CDCR for release of Plaintiff's mental health records. The Court will afford the parties to and including February 8, 2016 to file any further briefing or motions in relation to this issue.

IT IS SO ORDERED.

Dated:   January 7, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE