UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>M. VALASCO, et al.,<br><br>Defendants. | Case No. 1:14-cv-00049-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, STRIKING PLAINTIFF'S THIRD AMENDED COMPLAINT, AND DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>**(ECF Nos. 33-35)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. He initiated this action on January 14, 2014, and is proceeding on a second amended complaint that, as screened, states a Fourteenth Amendment excessive force claim against Defendant Valasco. (ECF Nos. 13, 14.) Defendant filed an answer on April 30, 2015, and a Discovery and Scheduling Order issued on May 12, 2015. (ECF Nos. 21, 22.) Pursuant to that order, the deadline for filing an amended pleading was November 12, 2015.

Now pending is Plaintiff's November 5, 2015, motion for 60-day extension of time to file a third amended complaint. (ECF No. 33.) On November 19, 2015, Plaintiff lodged a third amended complaint, but has not moved for leave to file this complaint. (ECF No. 34.) Defendant moves to strike the third amended complaint. (ECF No. 35.)

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed. R. Civ. P. 15(a)(1); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed. R. Civ. P. 15(a)(2). Here, Defendant filed a responsive pleading to Plaintiffs' second amended complaint and has not agreed to the amendment, so leave of the Court is required.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. Eminence Capital, 316 F.3d at 1052 ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Additionally, "leave to amend will not be granted where an amendment would be futile." Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1010 (9th Cir. 2008).

Even though Plaintiff has not sought leave to file an amended pleading, the Court has examined the third amended complaint and finds that it does not name any new Defendants or assert any new claims. Instead, Plaintiff adds additional, detailed allegations related to Defendant's use of excessive force, such as how and where Defendant struck Plaintiff. But since Plaintiff's allegations in the second amended complaint were found sufficient to state an excessive force claim against this Defendant, the Court finds that the addition of these details would serve no useful purpose.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 5, 2015, motion for extension of time (ECF No. 33) is GRANTED;
2. Plaintiff's November 12, 2015, third amended complaint (ECF No. 34) is STRICKEN; and
3. Defendant's November 19, 2015, motion to strike (ECF No. 35) is DENIED as moot.

IT IS SO ORDERED.

Dated: January 31, 2016        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

3