UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. VALASCO, et al., <br><br> Defendants. | Case No. 1:14-cv-00049-MJS (PC) <br><br> **ORDER DENYING DEFENDANT'S REQUEST TO SEAL DOCUMENTS** <br><br> **(ECF No. 41.)** |

## I. INTRODUCTION

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Valasco on Plaintiff's excessive force claim. The parties have consented to the undersigned's jurisdiction. (ECF Nos. 4, 26.)

Previously, Defendant and counsel for the California Department of Corrections and Rehabilitation ("CDCR"), not a party to this action, filed a "Stipulated Protective Order re Mental Health Records for Robert Bosley (AT-0274) to be Produced." (ECF No. 37.) This protective order concerned a subpoena duces tecum issued by Defendant and served on CDCR seeking the mental health records of Plaintiff that are in the custody of CDCR. Because CDCR is prohibited from releasing mental health records

without a court order or authorization indicating that the documents are necessary, it and Defendant filed the Stipulated Protective Order. Shortly after Defendant served CDCR with the subpoena, Plaintiff informed defense counsel that he objected to the release of all of his mental health records and offered to provide copies of relevant records.

In declining to adopt the Stipulated Protective Order, the Court held that it could not make a determination regarding whether the disclosure of Plaintiff's mental health records is necessary to the administration of justice or supported by good cause. Defendant had not submitted a copy of the subpoena, so the Court was unable to determine if Defendant's request was properly limited to protect Plaintiff's interest in the confidentiality of such records. Moreover, Plaintiff's allegation that he suffered "mental anguish" as a result of Defendant's conduct did not support a wholesale disclosure of all of Plaintiff's mental health records. The Court then afforded the parties the opportunity to file further briefing or motions in relation to the issue on or before February 8, 2016.

Pending now is Defendant's request to seal documents pursuant to Federal Rules of Civil Procedure 5.2(d) and 26. This request is filed in anticipation that Defendant's forthcoming motion for release of Plaintiff's mental health records will disclose the contents or substance of Plaintiff's medical records.

For the reasons set forth below, this request will be denied.

## II. LEGAL STANDARD

"Courts have long recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Williams v. U.S. Bank Nat'l Ass'n, 290 F.R.D. 600, 604 (E.D. Cal. 2013) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this

strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." Williams, 290 F.R.D. at 604 (citing Kamakana, 447 F.3d at 1178-79).

"Two standards generally govern [requests] to seal documents ...." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions." Kamakana, 447 F.3d at 1180. "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Kamakana, 447 F.3d at 1179 (quoting Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1294 (9th Cir. 1986)). "Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate 'compelling reasons' in favor of sealing." Williams, 290 F.R.D. at 604 (citing Kamakana, 447 F.3d at 1178). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598). "'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." Williams, 290 F.R.D. at 604 (alteration in original) (quoting Nixon, 435 U.S. at 598).

In contrast, "[t]he Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause' to justify sealing." Williams, 290 F.R.D. at 604 (citing Pintos, 605 F.3d at 678). Even under the lesser "good cause" standard, "'the party seeking protection bears the burden of showing specific prejudice or harm will

result' if the request to seal is denied." Ross v. Bar None Enters., 2014 WL 2700901, at *2 (E.D. Cal. June 13, 2014) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir.2002)). The movant "must make a 'particularized showing' with respect to any individual document in order to justify [its] sealing ...." Herskowitz v. Apple, Inc., 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (quoting Kamakana, 447 F.3d at 1180). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' are insufficient." Ross, 2014 WL 2700901, at *2 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)).

Federal Rule of Civil Procedure 5.2(d) provides that "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

### III.     DISCUSSION

Defendant moves to seal a declaration from defense counsel, Jaspreet Klar, which will be filed in support of Defendant's motion for release of Plaintiff's mental health records. The Klar Declaration and certain exhibits attached to it address Plaintiff's mental health condition. Defendant intends to offer this declaration to support his position that Plaintiff has put his mental health at issue, therefore warranting the release of his mental health records.

In this request to seal certain documents in support of a non-dispositive motion, Defendant need only show good cause. Defendant claims that good cause exists in the form of protecting Plaintiff's privacy in his mental health records, particularly so when Plaintiff has objected to the scope of the subpoena. Defendant thus argues that Plaintiff's privacy in his mental health records outweighs the public interest in access to his mental health records.

Although the Court agrees with Defendant that a person's privacy interest in his or her mental health records may serve to satisfy the good cause standard, and the Court commends Defendant for seeking to protect Plaintiff's interest in those records,

4

review of the Klar Declaration and attached exhibits convinces the undersigned that Defendant's request should be denied. Initially, the Court notes that there are no mental health records attached to the declaration. Instead, the references to Plaintiff's mental health are made by Plaintiff himself during the course of this litigation: in his deposition and certain letters to defense counsel, Plaintiff claims that he is "paranoid and depressed" and that he saw a psychiatrist or psychologist for his problems. These few references are insufficient to overcome the strong presumption in favor of access.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's request to seal documents (ECF No. 41) is DENIED.

IT IS SO ORDERED.

Dated:   February 4, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

5