UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>M. VALASCO, et al.,<br><br>    Defendants. | Case No.  1:14-cv-00049-MJS (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PRODUCTION OF PLAINTIFF'S MENTAL HEALTH RECORDS**<br><br>**(ECF No. 46)**<br><br>**FOURTEEN-DAY DEADLINE** |

**I.  INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion for production of Plaintiff's mental health records. (ECF No. 46.) Though Plaintiff has not filed an opposition to this motion, he has objected previously to the release of those records as irrelevant.

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on January 14, 2014, and is proceeding on a second amended complaint which was found to state a Fourteenth Amendment excessive force claim against Defendant Valasco for an incident that occurred on December 14, 2013. (ECF Nos. 13, 14.) Plaintiff seeks $5,000,000 in damages "to buy and purchase proper Doctor care Mental, Physical, from the 243(a) that happened which left me disabled."

Previously, Defendant and counsel for the California Department of Corrections and Rehabilitation ("CDCR"), not a party to this action, filed a "Stipulated Protective Order re Mental Health Records for Robert Bosley (AT-0274) to be Produced." (ECF No. 37.) This protective order concerned a subpoena duces tecum issued by Defendant and served on CDCR seeking the mental health records of Plaintiff in the custody of CDCR. Because CDCR is prohibited from releasing mental health records without a court order or authorization indicating that the documents are necessary, it and Defendant filed the Stipulated Protective Order.

In declining to adopt the Stipulated Protective Order, this Court held that it could not make a determination regarding whether the disclosure of Plaintiff's mental health records is necessary to the administration of justice or supported by good cause. This is because Defendant had not submitted a copy of the subpoena, and so the Court was unable to determine if Defendant's request was properly limited to protect Plaintiff's interest in the confidentiality of such records. Moreover, Plaintiff's allegation that he suffered "mental anguish" as a result of Defendant's conduct did not support a wholesale disclosure of all of Plaintiff's mental health records.

The Court afforded the parties the opportunity to file further briefing or motions in relation to the issue on or before February 8, 2016. The instant motion followed the Court's Order.

Pursuant to the subpoena duces tecum served on CDCR, Defendant seeks:

2

> Complete psychiatric and mental health records of [Plaintiff], including but not limited to any records / documents that may be stored digitally and/or electronically; medical records pertaining to any and all care, treatment, and/or examinations, all psychiatric, drug and/or alcohol treatment, counseling, an [sic] rehabilitation records, notes, records, and reports of psychotherapy diagnosis, evaluation, and treatment, and any other records relating to mental health. This request is limited to documents generated, created, or received at any time from March 1, 2014 to the present.

Kaur Decl. Ex. 1.

Shortly after Defendant served CDCR with the subpoena, Plaintiff informed defense counsel via letter that he objected to the release of all of his mental health records as irrelevant and offered to provide copies of relevant records. Kaur Decl. Ex. 3. On December 30, 2015, Plaintiff sent defense counsel copies of some of his mental health records. Klar Decl. ¶ 15.

On March 21, 2016, Defendant filed a motion for summary judgment. (ECF No. 48.) There, Defendant argues that summary judgment should be entered for him because the force that he used was minimal and because Plaintiff's physical injuries persist due to his own conduct (failure to keep appointments and failure to comply with treatment plan for rehabilitation). Alternatively, .Defendant argues that he is entitled to qualified immunity.

### III.  LEGAL STANDARDS

On December 1, 2015, changes to the Federal Rules of Civil Procedure went into effect. Relevant here, Federal Rule of Civil Procedure 26(b), which establishes the scope of discovery, was modified to read: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." While the information sought need not be admissible to be discoverable, it must be balanced against "the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b) (2015). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena duces tecum to obtain documents and other tangible things from a non-party. Under Rule 45 "[a] party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or file a motion to quash" pursuant to Rule 45(d)(3). Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005); see also Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014); Springbrook Lenders v. Northwestern Nat. Ins. Co., 121 F.R.D. 679, 680 (N.D. Cal. 1988).

Rule 45(d)(3)(A) sets forth the bases for when a court is required to quash or modify a subpoena. It provides, in pertinent part:

> [o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." Moon, 232 F.R.D. at 637 (citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 662 (D. Kan. 2003)). That is, the consideration of undue burden under the rule requires the Court to weigh the burden of the subpoenaed party against the requested

information's relevancy, need of the serving party for the information, the breadth of the information requested, the time period covered by the request, and the particularity with which the request is made. See id.

While California Welfare and Institutions Code § 5328 prohibits the release of mental health records, release of such documents are permissible pursuant to the consent of the patient and/or a court order "as necessary to the administration of justice."[1] Cal. Welfare and Institutions Code § 5328(b), (f). Insofar as any privileges are asserted in federal question cases, they are to be determined under federal law. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989).

## IV. DISCUSSION

Defendant moves for the release of plaintiff's mental health records from March 1, 2014, through the present, as (a) relevant pursuant to Rule 26(b) of the Federal Rules of Civil Procedure and (b) necessary to the administration of justice pursuant to California Welfare and Institutions Code §5328(f).[2] This motion is based on various statements made by Plaintiff during the course of this litigation. First, in his second amended complaint, Plaintiff claims that he suffered "mental anguish" due to Defendant's conduct. Next, by way of relief, Plaintiff seeks $5,000,000 in damages "to buy and purchase proper Doctor care Mental, …." Third, during his November 24, 2014, deposition, Plaintiff made the following comments:

---

[1] Although not raised by either party, release of this information is also prohibited under the Health Insurance Portability and Accountability Act, Pub. L. 104–191, 110 Stat.1936, 42 U.S.C. § 1320d. See 45 C.F.R. § 164.502(a) However, health care providers are permitted to disclose medical records in response to a court order. See 45 C.F.R. § 164.512(e)(1).

[2] Defendant also moves for the disclosure of Plaintiff's mental health records pursuant to 42 U.S.C. §290dd-2, which concerns records "which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States…." Since the CDCR is not a "department or agency of the United States," and there is no allegation that Plaintiff's mental health records relate to substance abuse, it appears that this provision is inapplicable to the matter before the Court.

| | |
|---|---|
| Q. | Okay. And did you see any doctors there for your injuries. |
| A. | Yes. |
| Q. | Okay. Who did you see? |
| A. | I seen – I cannot recall the names. |
| | Dr. Berberich, psychologist Berberich – well, not psychologist Berberich. I can't remember – he is a psychiatrist. I don't have the documentations with me in order to get the right names, but if I have the documentations I do have notations in my possession where I spoke about my psychological problems. I kind of feel that everyone – just basic depression and stuff like that. |
| Q. | Did you see him for the December incident or just overall? |
| A. | Everything is from the December incident, every psychological thing that I've been going through. |

Pl.'s Dep. at 110:3-19 (Kaur Decl. Ex. 4). And finally, on December 18, 2015, Plaintiff wrote to defense counsel, stating that he is "paranoid" and "depressed" because of Defendant's actions and is currently seeing a psychiatrist. Klar Decl. ¶ 13.

Defendant contends that he should be allowed the opportunity to review Plaintiff's mental health records so that he may determine the nature and degree of Plaintiff's mental health issues allegedly caused by Defendant's actions, and so that he can assess Plaintiff's claim for damages. Defendant's points are well-taken. Plaintiff's statements that he suffered from, and sought treatment for, mental distress caused by Defendant's conduct has put his mental health at issue in this case. The Court overrules Plaintiff's earlier objection on grounds of irrelevancy. Plaintiff has not filed an opposition to the instant motion nor stated additional objections.

The Court finds the documents to be relevant to Plaintiff's claim and to issues, such as causation and damages, relevant to Defendant's defense. Accordingly, Defendant's motion will be granted.

**V.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion for production of Plaintiff's mental health records (ECF No. 46) is GRANTED.  CDCR shall produce these documents to Defendant within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

Dated:   March 25, 2016                    /s/ *Michael J. Seng*
                                                                 UNITED STATES MAGISTRATE JUDGE