UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR., | Case No.  1:14-cv-00049-MJS (PC) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL** |
| M. VALASCO, et al., | **(ECF No. 40)** |
| Defendants. | **SEVEN-DAY DEADLINE FOR IN CAMERA REVIEW** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the undersigned pursuant to the consent of the parties. (ECF Nos. 4, 26.)

Pending before the Court is Plaintiff's motion to compel, which Defendant opposes. (ECF Nos. 40, 43.) For the reasons set forth here, Plaintiff's motion will be granted in part.

I.      **RELEVANT BACKGROUND**

A.      **Introduction**

Plaintiff initiated this action on January 14, 2014, and is proceeding on a Second Amended Complaint that was found to state a Fourteenth Amendment excessive force claim against Defendant Valasco. (ECF Nos. 13, 14.)

1

2

On April 30, 2015, Defendant filed an Answer, and a Discovery and Scheduling

3

Order ("DSO") issued shortly thereafter. (ECF Nos. 21, 22.) Pursuant to the DSO, the

4

discovery deadline was January 12, 2016, and the dispositive motion deadline was

5

March 21, 2016. The DSO directed the parties to file their responses to written

6

discovery requests forty-five days after requests were first served. DSO ¶ 2. The DSO

7

further directed the parties to serve discovery requests "sufficiently in advance of the

8

discovery deadline to permit time for a response and time to prepare and file a motion to

9

compel." Id. ¶ 7.

10

On March 21, 2016, Defendant filed a motion for summary judgment. (ECF No.

11

48.) Plaintiff's opposition to that motion is due on May 3, 2016. (See ECF No. 51.)

### B.     Plaintiff's Motion to Compel

12

In the instant motion to compel, which was purportedly mailed via institutional

13

mail on December 17, 2015, but was not filed with the Court until January 13, 2016,

14

Plaintiff moves for an order directing Defendant to respond to the following Requests for

15

Production of Documents ("RPD"):

16

17

18

19

20

21

> 1. The Central File aka "C" file pertaining to Marti Velasco
>    [sic], Correctional Officer at the Fresno County Jail,
>    regardless of date, including, but not limited to, all
>    records, disciplinary actions, electronically stored
>    information, incident reports, rule violation reports, file
>    grievances by inmates, Correctional Officer appeals,
>    Videotapes, and color photographs. Modified dated from
>    1-1-2013 to present.

22

23

24

25

26

27

> 2. I contend that Marti Velasco [sic] used excessive force
>    against Plaintiff on December 14, 2013 please supply the
>    following information identified by name below; the last
>    know [sic] address, and last know [sic] telephone
>    number, of each person with knowledge of the incident,
>    victims, and any witnesses present during the incident.
>    Witnesses: Jorge Hernandez, Jose Eduardo Garcia,
>    Gregory Luis Gomez, Lawrance Williams, and Jessie

28

2

1
2

         Moreno. Victims: Lucky Vang, Robbie Shanklen (Toledo),
         and Saren Hem.

3

Pl.'s Mot. Compel ("MTC") at 2.

4
5
6
7

     Attached to Plaintiff's motion is a California subpoena duces tecum signed by him on January 7, 2016, but not directed to any particular person or entity. (ECF No. 40 at 4-6.) Under the section on the form for specifying the documents to be produced, Plaintiff wrote:

8
9
10
11
12

> The Personel [sic] File aka "P" file pertaining to Marti Velasco. [sic], Defendant, including but not limited to, all records, reports, correspondence, memorandums, disciplinary actions, electronically stored information, incident reports, inmate filed grievances, requests for medical care and treatment, and color photographs. Dated from January 1, 2013 to present.

13
14
15

(ECF No. 40 at 4-6.) Under the section on the form for explaining why the documents are sought and their relevance, Plaintiff wrote:

16
17
18
19
20
21
22

> On September 28, 2015, Dec 17, 2015 Plaintiff issued a subpoena duces tecum seeking the Defendant Personel [sic] file Marti Velasco [sic] who is the Defendant employed at Fresno County Jail recognize that 42 U.S.C. § 290dd-2(b) provide also under code of civil procedure section 1985.3 [illegible] 1985.6 provides that the court may order the disclosure of employee records if it finds good cause to do so, however Defendant Attorney objects authorization the release without a court order or authorization indicating that the documents are necessary to the administration of justice. [¶]

23
24
25
26
27

> Defendant was allowed an opportunity to release of his records and declined. However Defendant Employment ethics is in question within the civil case and the production of documents therefore necessary for the administration of justice and adequately prepare, answer defendant's interrogatories and properly execute Plaintiff claim set forth.

28

1
2
       According to "Motion to Compel" Defendant will produce the employee records of Marti Velasco [sic] pursuant this order.

3 (ECF No. 41 at 5.)

4      In his opposition, Defendant asks the Court to deny Plaintiff's motion as untimely,

5 as well as based on the official information privilege and privacy. (ECF No. 43.)

6     **C.      The Parties' Discovery Efforts**

7          **1.     Plaintiff's Discovery Efforts**

8      Though Plaintiff's cursory motion does not include details describing when or

9 how he asked Defendant for the documents and information that he now seeks, or what

10 the objections were to those requests, Defendant's opposition provides some context.

11      <u>Set One</u>: On September 28, 2015, Plaintiff served his first set of discovery

12 requests on Defendant, which included 7 RPD, 36 Requests for Admissions ("RFA"),

13 and 10 Interrogatories ("Set One"). Klar Decl. ¶ 2, Ex. A. Included in this set was RPD

14 No. 6, which asked for "All documents non-confidential contained in defendant's

15 personnel file. Incident reports, disciplinary report any similar situations that supports

16 [sic] the allegations." Klar Decl. Ex. A (ECF No. 43 at 19).

17      On November 12, 2015, Defendant served his responses to these discovery

18 requests. Klar Decl. Ex. B. Relevant here, Defendant objected to RPD No. 6, Set One,

19 as follows:

20
21
22
23
24
25
26
       Objection: Defendant objects on the ground that the request imposes undue burden (FRCP 26(c)) and is protected by the qualified privilege for official information, under *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990); *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995.) The request also seeks documents that if disclosed, will violate the Defendant's privacy rights. Defendant further objects because this request is overbroad and unduly burdensome.

27 Klar Decl. Ex. B (ECF No. 43 at 24).

28

On December 6, 2015, Plaintiff sent Defendant a meet and confer letter regarding Defendant's responses, reiterating his request for the documents in Defendant's personnel file. Klar Decl. ¶ 6, Ex. E.

On December 15, 2015, Defendant re-asserted his privilege and privacy objections. Klar Decl. ¶ 7, Ex. F.

Set Two: On October 28, 2015, Plaintiff served a second set of discovery, including 7 RPD, 26 RFA, and 12 Interrogatories ("Set Two"). Klar Decl. ¶ 3, Ex. C. Included in Set Two was RPD No. 6, which, like RPD No. 6, Set One, sought "All documents non-confidential contained in defendant's personnel file. Incident reports, disciplinary report any similar situations that supports the allegations." Klar Decl. Ex. C (ECF No. 43 at 29).

Defendant responded to these discovery requests on December 9, 2015. Klar Decl. Ex. D. As to RPD No. 6, Set Two, Defendant's objection was identical to that previously made, but he also objected to the request for being burdensome, harassing, and oppressive. Id. (ECF No. 43 at 36).

Set Three: On December 18, 2015, less than one month before the conclusion of the discovery period, Plaintiff sent Defendant a letter making an informal request for production of documents. Klar Decl. ¶ 8, Ex. G. There, he asked for the "last known address and last known telephone number of each person that I believe were witnesses present during the incident or victims of Marti Velasco [sic]. 1. Jorge Hernandez; 2. Jose Eduardo Garcia; 3. Gregory Luis Gamez; 4. Lawrence Williams; 5. Jessie Moreno; 6. Lucky Vang; 7. Robbie Shanklen (Toledo); 8. Saren Hem." Klar Decl. ¶ 8, Ex. G.

On January 11, 2016, Defendant objected to this request as follows:

> Objection: Pursuant to the Discovery and Scheduling Order (Document 22), Plaintiff's request is untimely. Responses to written discovery shall be due forty-five days after the request is first served. (Doc. 22, 2:22-23.) Discovery requests must be served sufficiently in advance of the discovery deadline to permit time for a response. (Id., 7:27-

5

1
2
3
4

28.) Defendant's responses are due on February 1, 2016, which is after the discovery cut-off date of January 12, 2016. Therefore, Plaintiff's request is untimely. Defendant further objects on the basis that this request does not seek the production of documents, but rather seeks information.

5   Klar Decl. ¶ 9, Ex. H (ECF No. 43 at 52).

6   Set Four: Finally, on January 7, 2016, Plaintiff served a California state court civil

7   subpoena duces tecum on Defendant.[1] Klar Decl. ¶ 10, Ex. I.

8   Defendant objected to the subpoena on January 12, 2016, for failure to properly

9   serve a properly-issued subpoena, undue burden, official information privilege, and

10  privacy. Klar Decl. ¶ 10, Ex. J.

11  ### 2.   Defendant's Discovery Efforts

12  On November 24, 2015, Defendant deposed Plaintiff. Klar Decl. ¶ 4. The next

13  day, on November 25, 2015, Defendant sent Plaintiff his first set of discovery, which

14  included RPD and Interrogatories. Klar Decl. ¶ 5.

15  On December 29, 2015, Defendant filed a stipulated protective order re mental

16  health records for Plaintiff. (ECF No. 37.) This motion was denied on January 8, 2016,

17  but leave to re-file was granted. (ECF No. 39.) On February 8, 2016, Defendant re-filed

18  his motion, and on March 25, 2016, the motion was granted. (ECF Nos. 6, 50.) Plaintiff

19  was directed to submit his mental health records within fourteen days from the date of

20  the order.

21  ## II.   LEGAL STANDARD

22  Federal Rule of Civil Procedure 26(b)(1) (as amended eff. Dec. 1, 2015) sets

23  forth the following standard pertaining to relevance:

24
25
26
27

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

28  ---
[1] This subpoena appears to be the same subpoena as the one attached to Plaintiff's motion.

1
2
3
4

> information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

5
6

Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

7
8
9

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

10
11

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

12
13

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

14
15

> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

16
17
18
19
20
21
22
23
24
25
26
27
28

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the

1
2
subject of the motion to compel, and, for each disputed response, why the information

3
sought is relevant and why the responding party's objections are not meritorious.

4
Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal.

Dec. 21, 2011).

5
6
The Court is vested with broad discretion to manage discovery and

7
notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant;

8
therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to

9
compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor

10
Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751

(9th Cir. 2002).

11
**III.    DISCUSSION**

12
**A.    Timeliness**

13
Defendant first objects to Plaintiff's motion on the ground that it is untimely since

14
it was filed on January 13, 2016, one day after the close of the discovery period.

15
Plaintiff's filing, however, is accorded the benefit of the prison mailbox rule, pursuant to

16
which a document is deemed served or filed on the date a prisoner signs the document

17
(or signs the proof of service, if later) and gives it to prison officials for mailing. See

18
Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v.

19
Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and

20
federal filings by prisoners). On the attached proof of service, Plaintiff certifies that he

21
placed a copy of the motion in the institutional mail on December 17, 2015. (See ECF

22
No. 40 at 3.) However, the subpoena duces tecum that is attached to the motion is

23
signed by Plaintiff and dated January 7, 2016. (See id. at 5.) Using the date on the last-

24
signed document and applying the prison mailbox rule, the Court concludes that

25
Plaintiff's motion is not untimely. Therefore, this objection is overruled.

26
27
28

**B.    Plaintiff's Request for Defendant's Personnel File**

The Court next turns to Plaintiff's request for a copy of Defendant's personnel file. Defendant opposes this request pursuant to the official information privilege and his right to privacy.[2] [3]

**1.    Official Information Privilege**

The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." Id.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. United States Dist. Ct. for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655–56 (N.D. Cal. 1987).

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr, 511 F.2d at 198.

The discoverability of official documents should be determined under the

---

[2] During the course of discovery, Plaintiff has requested a copy of Defendant's personnel file multiple times, including in both Sets One and Two. Since those requests were properly and timely served, the Court declines to reach Defendant's argument that Plaintiff's identical request in the subpoena duces tecum is untimely under the DSO and improper pursuant to Federal Rule of Civil Procedure 45.

[3] To the extent Defendant has objected on other grounds to these requests, the Court will not address those not briefed by Defendant in the opposition brief and only asserted through blanket objections. Defendant has waived these objections by failing to provide reasons for the objections as required under Federal Rule of Civil Procedure 34(b)(2)(B).

1
2
3
4
5
6
7
8
9
10
11
12
13
14

"balancing approach that is moderately pre-weighted in favor of disclosure." Kelly, 114 F.R.D. at 661. The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure under a protective order would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made. Id. at 670. Requiring the defendant to make a "substantial threshold showing" allows the plaintiff to assess the defendant's privilege assertions and decide whether they should be challenged. Id.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

With his opposition, Defendant submits the declaration of John J. Zanoni, a Sheriff's Lieutenant with the Fresno County Sheriff's Office ("Sheriff's Office") in the Personnel and Internal Affairs Units. See Def.'s Opp'n Ex. 2. Mr. Zanoni declares that he has personally reviewed Defendant's personnel and internal affairs files and concludes that the Sheriff's Office has serious privacy and confidentiality concerns in releasing them. Zanoni Decl. ¶¶ 3-4. He claims that releasing these documents would include irrelevant information, such as Defendant's private medical information, family information and other personal information. Id. ¶ 5. Mr. Zanoni also claims that the release of this information would affect the safety of individuals involved in Internal Affairs investigations, such as Defendant, other officers, staff and inmate witnesses, and confidential informants. Id. ¶¶ 7-8. In addition, he contends that "disclosure of confidential investigations would seriously compromise the Sheriff's Office [sic] ability to conduct accurate, truthful and reliable investigations, which could jeopardize the safety

and security of the Fresno County Jail." Id. ¶ 10. Moreover, disclosure of Internal Affairs investigation documents could undermine the investigative process and obstruct further investigations by educating inmates about the Sheriff's Office's investigatory strategies and procedures. Id. ¶ 11. He concludes that the harm that would be incurred following the release of this information even if the Court issues a protective order because "it is unlikely that Plaintiff will follow the court order because of his pro se status." Id. ¶ 12.

The Court has reviewed Mr. Zanoni's declaration, but notes the absence of a privilege log attached to it, to Defendant's opposition to the instant motion, or even to Defendant's objections to Plaintiff's discovery requests. "The asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Pancucci, 141 F.R.D. 292, 300 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A),

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)     expressly make the claim; and
>
> (ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The advisory committee notes to Rule 26(b)(5) make clear that withholding otherwise discoverable materials on the basis that they are privileged or subject to the work product doctrine without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable them to assess the claim "*may be viewed as a waiver of the privilege or protection.*" Fed. R. Civ. Pro. 26(b)(5) advisory committee's comment (emphasis added). The advisory committee comments also

indicate that if it appears complying with the privilege log requirements presents an undue burden, a party may seek relief through a protective order. Id. Defendant did not move for a protective order to relieve him of the obligation of providing a privilege log.

Nonetheless, the Ninth Circuit has "reject[ed] a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, the Ninth Circuit has instructed courts to look at the following factors in determining whether a waiver has occurred: (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged;" (2) "the timeliness of the objection and accompanying information about the withheld documents;" (3) "the magnitude of the document production;" and (4) "other particular circumstances of the litigation that make responding to discovery unusually easy ... or unusually hard." Id. In evaluating these factors, the court is directed to apply them "in the context of a holistic reasonableness analysis" and not in a "mechanistic determination of whether the information is provided in a particular format." Id. (emphasis added).

Here, the balance of the Burlington factors weighs in favor of finding that Defendant has waived the assertion of this privilege. As to the first factor, neither Defendant's objections to Plaintiff's discovery requests nor his opposition to the instant motion give sufficient details regarding the contents of the personnel file. The only specific information is that the file includes Defendant's private medical information and "family information," which the Court presumes to include Defendant's home address. The remainder of Mr. Zanoni's declaration is directed to generalized safety fears and potential for harm if courts were to require the release of, inter alia, confidential investigations and internal affairs documents. There is no suggestion, however, that such documents in fact exist in Defendant's personnel file and are relevant to this

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

action. As to the second and third factors, a privilege log has not yet been provided in this case, leaving the Court with no indication as to the magnitude of the document production. Finally, though litigation involving a pro se prisoner carries with it some obstacles, there is no cognizable reason why Defendant was unable to provide a privilege log in response to Plaintiff's valid request.

Even assuming, however, that the Court did not find a waiver, Defendant has not carried his burden of showing that the information in the personnel file is covered by the official information privilege. As the party asserting the privilege, Defendant must properly invoke the privilege by making a "substantial threshold showing," which he has not done. Kelly, 114 F.R.D. at 669. Defendant has instead relied on boilerplate claims of harm, which have regularly been rejected by courts. Id. at 672 ("A general claim of harm to the public interest would not be sufficient to overcome the burden placed on the party seeking to shield material from disclosure."); Miller, 141 F.R.D. at 302. See also, e.g., Bird v. Mayhew, 2016 WL 374555, at *6 (E.D. Cal. Feb. 1, 2016) ("Defendant asserts the official information privilege by presenting boilerplate objections that fails to comply with the above requirements."); Johnson v. Sandy, 2014 WL 4631642, at *11 (E.D. Cal. Sept. 15, 2014) (rejecting "broad objections and boilerplate claims of confidentiality and policy rights"). Furthermore, the fear that disclosure of internal affairs investigations would likely result in reduced participation by officers and the like has no empirical basis. Kelly 114 F.R.D. at 664 ("no empirical study supports the contention that the possibility of disclosure would make officers who participate (as respondents or as investigators) in internal affairs investigations less honest," and "in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a police department's purported interest in preserving the anonymity of citizen complainants."). Lastly, Defendant outlines the potential for abuse of the confidential information but does not explain how disclosure of any of the documents subject to a carefully crafted protective order would create a substantial risk of harm to

these governmental interests.

Defendant's claim of official information privilege is therefore overruled.

### 2.     Privacy

With respect to privacy rights, federal courts recognize a constitutionally-based right of privacy that may be asserted in response to discovery requests. Soto, 162 F.R.D. at 616. The resolution of a party's privacy objection involves balancing the need for the information sought against the privacy right asserted. Id. (citing Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir. 1984)). "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential." Soto, 162 F.R.D. at 616. "[F]ederal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes." Kelly, 114 F.R.D. at 656. "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." Soto, 162 F.R.D. at 616.

The Court acknowledges Defendant's interest in his privacy, but also recognizes that courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion. Soto, 162 F.R.D. at 617. Defendant's privacy objection is overruled.

Defendant asks that, in the event the Court grants Plaintiff's motion as to his personnel file, that the Court issue an order undertaking an *in camera* review of the information subject to disclosure and to then determine what information, if any, should be released. This request will be granted.

### C.     Plaintiff's Request for Witness Information

In Set Three, Plaintiff sent a letter to Defendant dated December 18, 2015, asking for the "last known address and last known telephone number of each person

14

1
2
3
4

that I believe were witnesses present during the incident or victims of Marti Velasco [sic]. 1. Jorge Hernandez; 2. Jose Eduardo Garcia; 3. Gregory Luis Gamez; 4. Lawrence Williams; 5. Jessie Moreno; 6. Lucky Vang; 7. Robbie Shanklen (Toledo); 8. Saren Hem." Klar Decl. ¶ 8, Ex. G.

5
6
7

Defendant objects to this request as untimely under the DSO and improperly served pursuant to Federal Rules of Civil Procedure 33 and 34. He also asserts third-party privacy rights.

8
9
10
11
12
13
14
15
16
17

As indicated supra, the DSO directed the parties to file their responses to written discovery requests forty-five days after the requests are first served. DSO ¶ 2. The DSO further directed the parties to serve discovery requests "sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." Id. ¶ 7. Assuming for the moment that the form of Plaintiff's request was proper, the Court agrees with Defendant that the request was untimely since it was not served sufficiently in advance to permit Defendant to respond before the close of the discovery period and for a motion to compel be filed. Nonetheless, the Court concludes that there is good cause to allow the present motion. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

18
19
20
21
22
23

Defendant also claims that Plaintiff's motion to compel should be denied because his request was informally made in a letter and not pursuant to the formal requirements of the Federal Rules of Civil Procedure. This informality, however, did not prevent Defendant from responding. "[W]hen one party responds to another's informal request, resort to a motion to compel is an acceptable next step." M.M. v. Yuma County, 2011 WL 5445336, at *2 (D. Ariz. Nov. 10, 2011) (internal citations omitted).

24
25
26
27

Defendant's final argument is that "the information Plaintiff seeks, last known address and telephone number of the above named inmates, violate privacy rights of these individuals. Releasing this information can create safety and security risks to

28

these inmates."[4] While a bare assertion of privilege or privacy is not sufficient and the witnesses' names are not shielded from disclosure in any event, Defendant is not required to disclose telephone numbers or addresses. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984); Burlington, 408 F.3d at 1149; Soto, 162 F.R.D. at 616.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek, 2012 WL 113799, at *1; Mitchell v. Felker, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis, 2008 WL 860523, at *4. This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Here, Plaintiff has not addressed these privacy concerns, much less demonstrated that his need for the information outweighs the third party privacy interests. Accordingly, in the absence of any argument from Plaintiff, the Court will not require Defendant to produce addresses or telephone numbers in response to Plaintiff's request.

## V.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to compel (ECF No. 40) is GRANTED IN PART and DENIED IN PART as follows:

    a.  Plaintiff's request for a copy of Defendant's personnel file, limited to those documents that are relevant to this action, and dated from

---

[4] Defendant did not raise this objection in his January 11, 2016, response to Plaintiff's request. See Klar Decl. Ex. H. When ruling on a motion to compel, a court "generally considers only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel." Calderon v. Experian Info. Solutions, Inc., 290 F.R.D. 508, 516 n. 4 (D.Idaho 2013) (citation omitted). Though Defendant's argument appears to be untimely asserted in his opposition, the Court will nonetheless consider it in light of the interests involved. Hunt, 672 F.3d at 616.

1

January 1, 2013, to the present, is GRANTED.

2

     b.  Plaintiff's remaining requests are DENIED.

3

  2.  Defendant shall submit an unredacted copy of his personnel file to the Court

4

for an in camera review within seven days from the date of this Order.

5

6 IT IS SO ORDERED.

7

8 Dated:   __April 27, 2016__        /s/ *Michael J. Seng*

                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28