UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. VALASCO, et al., <br><br> Defendants. | Case No. 1:14-cv-00049-MJS (PC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** <br><br> **(ECF Nos. 40, 52, 64)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the undersigned pursuant to the consent of the parties. (ECF Nos. 4, 26.)

On April 28, 2016, the undersigned granted in part Plaintiff's motion to compel release of Defendant's personnel file after having overruled Defendant's privacy and official information privilege objections. (ECF Nos. 40, 52.) Pursuant to that Order, Defendant was directed to submit an unredacted copy of his personnel file for *in camera* review. Defendant timely submitted the personnel file and now moves for a protective order regarding the release of the file. (ECF No. 64.)

The Court's *in camera* review of the documents falling within the scope of Plaintiff's request for production reveals only one matter having any conceivable relevance to the issues in this case, namely a complaint about the behavior of

Defendant Valasco toward another inmate in custody. The complaint contains an allegation, related by the inmate's mother, that Defendant was "verbally abusive" toward the inmate in 2013. This complaint was the subject of an Internal Affairs investigation. The investigation resulted in a finding that the charges were not substantiated.

The Court concludes that while the said 2013 complaint has some potential relevance to the issues raised in the instant complaint, any attempt to introduce evidence pertaining thereto would necessitate a trial within a trial to enable the trier-of-fact to determine, first, whether there was any merit to the 2013 complaint and, if so, whether it had any potential relevance to the issues in this case. The Court concludes that any possible probative value of evidence relating to this old complaint would be far outweighed by the probability that its introduction would confuse the issues, possibly prejudice the Defendant, mislead the jury, and cause undue delay and waste of time; as such, any such evidence would be excluded in accordance with Federal Rule of Evidence 403.

Given this ruling and the absence of any other records with any potential relevance to this case, the Court will deny Plaintiff's request for production of the requested records.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's April 28, 2016, Order granting in part Plaintiff's motion to compel (ECF No. 52) is modified as follows: Plaintiff's motion to compel is DENIED in its entirety, and Defendant will not be compelled to produce any documents included in his personnel file; and

2. Defendant's May 3, 2016, motion for protective order (ECF No. 64) is DENIED as moot.

IT IS SO ORDERED.

Dated:   May 11, 2016            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

3.