1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

ROBERT DEWAYNE BOSLEY, JR.,

12

Plaintiff,

13

v.

14

M. VELASCO, et al.,

15

Defendants.

16

17

Case No.  1:14-cv-00049-MJS (PC)

**ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL**

**(ECF Nos. 73, 74, 78)**

18

19

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action

20

pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Second Amended

21

Complaint charging Defendant Velasco with excessive force in violation of the

22

Fourteenth Amendment. This matter is set for a trial on January 18, 2017. (ECF No. 75.)

23

Now pending are Plaintiff's three motions for appointment of counsel. (ECF Nos.

24

73, 74, 78.) In each motion, Plaintiff contends that his ability to properly litigate this

25

action is affected by his in forma pauperis status and his imprisonment. Plaintiff's

26

previously-filed motion for appointment of counsel was denied on June 18, 2015. (ECF

27

Nos. 25, 27.)

28

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, despite his in forma pauperis status and his incarceration, Plaintiff was successful in opposing Defendant's motion for summary judgment, thus demonstrating his ability to adequately litigate this case.

For the foregoing reasons, Plaintiff's motions for the appointment of counsel (ECF Nos. 73, 74, 78) are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   October 3, 2016            /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

2