UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. VELASCO, et al., <br><br> Defendants. | Case No.  1:14-cv-00049-MJS (PC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES** <br><br> **(ECF No. 79)** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Second Amended Complaint charging Defendant Velasco with excessive force in violation of the Fourteenth Amendment. This matter is set for a trial on January 18, 2017.

Pending now is Plaintiff's motion for obtaining the attendance of incarcerated witnesses and motion for subpoenas for unincarcerated witnesses. (ECF No. 79.) Defendant opposes the motion. (ECF No. 82.) For the reasons set forth here, Plaintiff's motion will be denied.

**I.     Motion for Attendance of Incarcerated Witnesses**

Plaintiff moves for the attendance of two incarcerated witnesses, Lawrance Williams and Demarco Richards, to testify voluntarily at the January 18, 2017, trial: Mr.

Williams, who was present on the same housing floor as the incident, is to testify as an eye witness, and Mr. Richards is to testify as an ear witness. Plaintiff provides no further details regarding the proposed testimony.

In the Court's Second Scheduling Order (ECF No. 75), Plaintiff was informed of the procedures for obtaining the attendance of incarcerated witnesses willing to testify voluntarily. (ECF No. 75.) Plaintiff was advised that the Court will not issue an order for the attendance of an incarcerated witness unless it is satisfied that (a) the prospective witness is willing to attend; and (b) he or she has actual knowledge of relevant facts.

> If Plaintiff wants to call such witnesses, Plaintiff must serve and file with the pretrial statement a written motion for a court order directing that the witnesses be brought to trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) include declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."
>
> The willingness of the prospective witness to come and testify can be shown in one of two ways: (a) the Plaintiff can swear under penalty of perjury that the prospective witness has informed him that he or she is willing to testify voluntarily without being subpoenaed; if so, the declaration must state when and where the witness so advised the Plaintiff; or (b) Plaintiff can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states he or she is willing to testify without being subpoenaed.
>
> The prospective witness's actual knowledge of relevant facts also can be shown in one of two ways: (a) if Plaintiff has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (for example, if the incident occurred in Plaintiff's cell and Plaintiff saw that a cellmate was present at the time and observed the incident), Plaintiff can swear by declaration under penalty of perjury that the prospective witness has

> actual knowledge; or (b) Plaintiff can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which he or she was an eye- or ear-witness.
>
> Whether the declaration is made by the Plaintiff or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred.

(ECF No. 75 at 2-3.)

Plaintiff's motion fails to satisfy the Court that the incarcerated witnesses are willing to testify voluntarily or that they have actual firsthand knowledge of the events at issue. As to the first factor, Plaintiff does not submit a declaration from either Mr. Williams or Mr. Richards. Though Plaintiff declares that Mr. Williams informed him of his willingness to testify, Plaintiff has not provided any details as to when and where the witness so advised Plaintiff. Moreover, Plaintiff's fails to state whether Mr. Richards informed him of his willingness to testify voluntarily.

As to the second factor, Plaintiff has not provided sufficient facts to indicate that either of these witnesses has actual firsthand knowledge of the incident. Plaintiff contends that Mr. Williams was present on the same housing floor as Plaintiff, but there are no facts from which the Court can infer that this witness actually witnessed the excessive force incident. And Plaintiff provides no details at all as to how Mr. Richards heard the events.

In his opposition to the instant motion, Defendant asserts that Plaintiff did not identify incarcerated witness Demarco Richards in response to Defendant's November 25, 2015, Interrogatory asking for the identity of witnesses. Def.'s Opp'n Ex. A (Interrogatories Propounded Upon Plaintiff, Set One, No. 9), Ex. B (Plaintiff's Responses). Plaintiff also did not identify this witness at any time after service of his December 14, 2015, response.

Rule 26(e) places litigants under an affirmative duty to supplement non-deposition discovery responses, even after the discovery cut-off date. See Fed. R. Civ. P. 26(e); Cal. Prac. Guide Fed. Civ. Pro. Before Trial § 11:1241. Failure to supplement triggers the sanctions provisions of Rule 37(c): the nonsupplementing party may not use the information it withheld "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This sanction is intended to be "self-executing" and "automatic," though its "harshness" is mitigated by Rule 37's exceptions for substantially justified or harmless withholding. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

The evidence before the Court demonstrates that Plaintiff did not provide Demarco Richards's name in his response to Defendant's interrogatory, and he did not supplement those responses at any time thereafter. Plaintiff is therefore barred from presenting this witness at trial. Fed. R. Civ. P. 37(c)(1).

In light of these deficiencies, Plaintiff's motion for the attendance of the incarcerated witnesses will be denied.

**II.   Motion for Subpoenas for Unincarcerated Witnesses**

Plaintiff also moves to obtain the attendance of the following unincarcerated witnesses: Jessie Moreno, Roberto Toledo, Jose Eduardo Garcia, Jorge Hernandez, and Michael John Kelly, Fresno County Jail Staff Psychiatrist Dr. M. Amin, and Fresno County Jail Medical Service Staff Member Herbert Hanter. Each of these individuals is identified as an eye and/or ear witness. Plaintiff identifies the Fresno County Jail as the location of Dr. Amin and Mr. Hanter. For the remaining witnesses, Plaintiff offers only that they are located in Fresno County.

In his opposition, Defendant claims that Plaintiff did not identify four of these witnesses—Roberto Toledo, Dr. Amin, Herbert Hunter or Michael John Kelly—in response to his interrogatory or at any time thereafter. For the reasons set forth above,

Plaintiff's motion will be denied as to these witnesses pursuant to Federal Rule of Civil Procedure 37(c)(1).

As to the three unincarcerated witnesses who were previously identified—Jessie Moreno, Jose Eduardo Garcia, and Jorge Hernandez—Plaintiff's motion will be denied in light of his failure to comply with the requirements set forth in the Second Scheduling Order. There, Plaintiff was informed that "[i]f [he] wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness." For these witnesses, Plaintiff has identified only "Fresno County" for their location. Plaintiff's failure to identify a specific address precludes the Court from calculating a mileage allowance, and will prevent the United States Marshal from serving these witnesses.

Plaintiff's motion will be therefore be denied in its entirety.

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion (ECF No. 79) is DENIED.

IT IS SO ORDERED.

Dated:   November 7, 2016         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE