UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. VELASCO, et al., <br><br> Defendants. | Case No.  1:14-cv-00049-MJS (PC) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL STATEMENT** <br><br> **(ECF No. 77)** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Second Amended Complaint charging Defendant Velasco with excessive force in violation of the Fourteenth Amendment. This matter is set for a trial on January 18, 2017, and a telephonic trial confirmation hearing is set for November 17, 2016.

Pursuant to the Second Scheduling Order (ECF No. 75), Plaintiff's Pretrial Statement was due on or before October 14, 2016.[1]  Plaintiff has now moved for an unspecified extension of time to file his pretrial statement on the ground that he has been housed at a maximum security prison that is currently on lockdown. (ECF No. 77.)

---

[1] Defendant filed a timely pretrial statement  November 4, 2016.  (ECF No. 84.)

Confusingly, Plaintiff claims that he has been housed at this facility "since October 24, 2016" and that he is awaiting a transfer to another institution, but he also claims that he is scheduled for "release 10-24-16." On the same date that Plaintiff filed this motion, he also filed a 25-page motion for appointment of counsel with attached exhibits, which was denied (see ECF Nos. 78, 81), and a 3-page motion for the attendance of witnesses, which will be addressed in a separate order (ECF No. 79).

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court is not convinced that Plaintiff has shown good cause for a modification of the Second Scheduling Order. The filing of his motion to appoint counsel and motion for the attendance of witnesses indicates Plaintiff is able to seek relief in this Court and to respond to court orders, notwithstanding the lockdown. Nonetheless, in an abundance of caution, Plaintiff's will be granted a short extension of time to file his pretrial statement.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for extension of time (ECF No. 77) is GRANTED. Plaintiff shall file his pretrial statement on or before November 16, 2016.
IT IS SO ORDERED.

Dated:   November 7, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

2