1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

ROBERT DEWAYNE BOSLEY, JR.,

12

Plaintiff,

13

v.

14

M. VELASCO, et al.,

15

Defendants.

16

17

18

19

20

Case No.  1:14-cv-00049-MJS (PC)

**ORDER DENYING PLAINTIFF'S**

1. **MOTION FOR THE PRODUCTION OF NON-PRISONERS,**

2. **MOTION FOR THE PRODUCTION OF PRISONERS, AND**

3. **EX PARTE APPLICATION TO EXCLUDE PAYMENT FOR NON-PRISONERS**

**(ECF Nos. 85, 86, 87)**

21

22

23

24

25

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Second Amended Complaint charging Defendant Velasco with excessive force in violation of the Fourteenth Amendment. The matter is set for a telephonic trial confirmation hearing on November 17, 2016, and a trial on January 18, 2017. (ECF Nos. 75, 80.)

26

27

28

On November 7, 2016, Plaintiff's motion for the attendance of incarcerated and unincarcerated witnesses was denied in its entirety. (ECF No. 88.) Now pending are three more motions concerning the attendance of these and additional witnesses. (ECF

1

Nos. 85-87.) Defendant opposes these motions. (ECF No. 90.) For the reasons set forth here, they will be denied.

## I.   Motion for Attendance of Incarcerated Witnesses

Previously, Plaintiff moved for the attendance of two incarcerated witnesses, Lawrance Williams and DeMarco Richards, to testify voluntarily at the January 18, 2017, trial. Plaintiff's motion was denied as to both witnesses because he failed to satisfy the Court that these witnesses were willing to attend the trial and that they had actual knowledge of relevant facts. Plaintiff's motion was also denied as to DeMarco Richards because Plaintiff at no time identified Richards as a witness in response to Defendant's November 25, 2015, Interrogatory asking for the identity of witnesses.[1]

Plaintiff's second request for the attendance of incarcerated witnesses seeks the attendance of these individuals: Lawrance Williams, DeMarco Richards, Jorge Hernandez, Jessie Moreno, Robbie Shanklen, Lucky Vang, and Saren Hem.[2] Again, Plaintiff fails to provide any information regarding the willingness of these witnesses to testify or any details regarding their knowledge of relevant facts. Additionally, Plaintiff failed to previously identify DeMarco Richards, Robbie Shanklen, Lucky Vang, and Saren Hem as witnesses.

Thus, for the reasons set forth in the Court's November 7, 2016, Order denying Plaintiff's motion for the attendance of witnesses, Plaintiff's motion here for attendance of these incarcerated witnesses will also be denied.

## II.   Motion for Subpoenas for Unincarcerated Witnesses

In his previous motion to obtain the attendance of unincarcerated witnesses, Plaintiff identified Jessie Moreno, Roberto Toledo, Jose Eduardo Garcia, Jorge Hernandez, and Michael John Kelly, Fresno County Jail Staff Psychiatrist Dr. M. Amin,

---

[1] In his response to Defendant's Interrogatory, Plaintiff identified only these witnesses: Gregory Luis Gomez, Jose Eduardo Garcia, Lawrance Williams, Jorge Hernandez, and Jessie Moreno. See Def.'s Opp'n to Pl.'s Mot. Incarcerated Witn., Ex. B (ECF No. 82).

[2] In his previous motion, Plaintiff identified Jessie Moreno, Jorge Hernandez, and Jose Eduardo Garcia as unincarcerated witnesses. (See ECF No. 79.)

and Fresno County Jail Medical Service Staff Member Herbert Hanter. Plaintiff's motion was denied in its entirety for his failure to identify four of the witnesses (Roberto Toledo, Dr. Amin, Herbert Hunter or Michael John Kelly) in response to Defendant's interrogatory and for his failure to include necessary information regarding the location of the other witnesses (Jessie Moreno, Jose Eduardo Garcia, and Jorge Hernandez).

In this second motion, Plaintiff seeks subpoenas for the attendance of these unincarcerated witnesses: Hector Lara, Dr. Amin, Enrique Rodriguez, and H. Hunter. None of these witnesses was identified by Plaintiff in his response to Defendant's discovery request or at any time thereafter. For this reason, Plaintiff's motion will be denied. Fed. R. Civ. P. 37(c)(1). Plaintiff's related motion to be excused from payment of witness fees will therefore be denied as moot.

## III.    Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the production of non-prisoners (ECF No. 86) is DENIED;

2. Plaintiff's motion for the production of prisoners (ECF No. 87) is DENIED; and

3. Plaintiff's ex parte application to exclude payment for non-prisoners (ECF No. 85) is DENIED.

IT IS SO ORDERED.

Dated:    __November 14, 2016__        /s/ *Michael J. Seng*

                                UNITED STATES MAGISTRATE JUDGE

3