This amended OSC corrects a discrepancy in the previous order regarding the OSC hearing's start time.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>M. VELASCO, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00049-MJS (PC)<br><br>**AMENDED ORDER TO SHOW CAUSE**<br><br>**TEN (10) DAY DEADLINE**<br><br>**HEARING ON DECEMBER 5, 2016, AT 1:30 P.M. IN COURTROOM 6 (MJS)** |

    Plaintiff is a former state prisoner[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Second Amended Complaint charging Defendant Marti Velasco with excessive force in violation of the Fourteenth Amendment. All parties have consented to the jurisdiction of a Magistrate Judge.

    On September 19, 2016, a Second Scheduling Order ("SSO") issued setting a trial confirmation hearing for December 1, 2016, and a jury trial for January 18, 2017. (ECF No. 25.) The Court also imposed an October 14, 2016, deadline for motions for the attendance of witnesses and for Plaintiff's pretrial statement.

---

[1] Plaintiff was released from custody on or around November 3, 2016. (ECF No. 92.)

The SSO was subsequently modified twice. On September 30, 2016, the trial confirmation hearing was moved to November 17, 2016, at 1:30 p.m. (ECF No. 80.) Then, on November 8, 2016, Plaintiff was granted an extension of time to file his pretrial statement on or before November 16, 2016. (ECF No. 89.) Both of these orders were served on Plaintiff's address of record and are deemed to have been fully effective. See E.D. Cal. Local Rule 182(f). Following receipt of Plaintiff's November 14, 2016, Notice of Change of Address, the order granting him an extension of time to file his pretrial statement was re-served on his new address. Notwithstanding his receipt of the original SSO and the two orders modifying it, Plaintiff filed untimely motions for the attendance of witnesses[2] (ECF Nos. 85-87), he did not file a pretrial statement, and he did not appear at the November 17, 2016, trial confirmation hearing.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In addition, Federal Rule of Civil Procedure 16(f) authorizes the dismissal of an action for a party's failure to obey a scheduling or pretrial order and for failure to appear at a pretrial conference.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833

---

[2] These motions were ultimately denied on other grounds. (ECF No. 91.)

F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing on or before November 28, 2016, why this action should not be dismissed for his failure to prosecute and failure to comply with court orders;

3

2. Plaintiff is also directed to appear personally at a hearing on the order to show cause Monday, December 5, 2016, at **1:30 p.m.** in Courtroom No. 6; and

3. Plaintiff's failure to comply with either of these directives will result in a dismissal of this action pursuant to Federal Rules of Civil Procedure 41(b) and 16(f).

IT IS SO ORDERED.

Dated:   November 21, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE