UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR.,<br><br>                    Plaintiff,<br><br>          v.<br><br>M. VELASCO, et al.,<br><br>                    Defendants. | Case No.  1:14-cv-00049-MJS (PC)<br><br>**ORDER VACATING ALL DATES AND DISMISSING CASE WITH PREJUDICE**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the undersigned pursuant to the consent of the parties.

Plaintiff initiated this action on January 14, 2014, and is proceeding on his second amended complaint against Defendant M. Velasco on a single excessive force claim. Following the denial of Defendant's motion for summary judgment, a Second Scheduling Order ("SSO") issued on September 19, 2016, setting a number of trial-related dates, including October 14, 2016, for the filing of Plaintiff's pretrial statement and motions for the attendance of witnesses, and December 1, 2016, for a trial confirmation hearing. (ECF No. 75.)

The SSO was subsequently modified twice. On September 30, 2016, the trial confirmation hearing was moved to November 17, 2016, at 1:30 p.m. (ECF No. 80.) Then, on November 8, 2016, Plaintiff was granted an extension of time to file his pretrial statement on or before November 16, 2016. (ECF No. 89.) Both of these orders were served on Plaintiff's address of record and are deemed to have been fully effective. See E.D. Cal. Local Rule 182(f).

On November 14, 2016, Plaintiff filed a Notice of Change of Address, which revealed that he had been released from custody on or around November 3, 2016. (ECF No. 92.)  Accordingly, the November 8, 2016, order granting him an extension of time to file his pretrial statement was re-served on his new address.

Notwithstanding his receipt of the original SSO and the two orders modifying it, Plaintiff filed untimely motions for the attendance of witnesses (ECF Nos. 85-87), he did not file a pretrial statement, and he did not appear at the November 17, 2016, trial confirmation hearing.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In addition, Federal Rule of Civil Procedure 16(f) authorizes the dismissal of an action for a party's failure to obey a scheduling or pretrial order and for failure to appear at a pretrial conference. Finally, Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action for failure to prosecute or failure to comply with the Federal Rules or a court order.

In light of the foregoing, on November 18, 2016, Plaintiff was ordered to show cause in writing on or before November 28, 2016, why this action should not be dismissed pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). (ECF No. 95.) Plaintiff was also directed to appear at a hearing on the Order to Show Cause set for December 5, 2016.[1] He was specifically informed that his failure to comply with either of

---

[1] An amended order to show cause issued on November 22, 2016, clarifying the time of the hearing on the Order to Show Cause. (ECF No. 96.)

these two directives would result in the dismissal of this action. This order was served on Plaintiff's new address of record and thus deemed to have been fully effective.

To date, Plaintiff has still not filed a pretrial statement, has not submitted a written statement in response to the Order to Show Cause, and has not otherwise responded to the Court's order.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause is VACATED;

2. All dates in this matter, including the January 18, 2017, trial date, are VACATED; and

3. This action is dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 16(f).

IT IS SO ORDERED.

Dated:  __November 29, 2016__      ___/s/ *Michael J. Seng*___

UNITED STATES MAGISTRATE JUDGE

3