UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEWAYNE BOSLEY, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>M. VELASCO, et al.,<br><br>  Defendants. | Case No.  1:14-cv-00049-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S ORAL MOTION FOR RELIEF FROM JUDGMENT** |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court pursuant to the consent of the parties.

Following the dismissal of this action on November 30, 2016, Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment. For the reasons set forth here, Plaintiff's motion will be denied, and no relief from judgment will be provided.

**I.     Procedural Background**

Plaintiff initiated this action on January 14, 2014, and, before dismissal, was proceeding on a Second Amended Complaint charging Defendant Marti Velasco with excessive force in violation of the Fourteenth Amendment.

Defendant filed on Answer on April 30, 2015, and a Discovery and Scheduling Order issued on May 12, 2015.

Following the denial of Defendant's motion for summary judgment, a Second Scheduling Order ("SSO") issued setting a trial confirmation hearing for December 1, 2016, and a jury trial for January 18, 2017. (ECF No. 25.) The Court also imposed an October 14, 2016, deadline for motions for the attendance of witnesses and for Plaintiff's pretrial statement.

The SSO was subsequently modified twice. On September 30, 2016, the trial confirmation hearing was moved to November 17, 2016, at 1:30 p.m. (ECF No. 80.) Then, on November 8, 2016, Plaintiff was granted an extension of time to file his pretrial statement on or before November 16, 2016. (ECF No. 89.) Both of these orders were served on Plaintiff's address of record and are deemed to have been fully effective. See E.D. Cal. Local Rule 182(f).

Following receipt of Plaintiff's November 14, 2016, Notice of Change of Address, the order granting him an extension of time to file his pretrial statement was re-served on his new address. Notwithstanding his receipt of the original SSO and the two orders modifying it, Plaintiff filed untimely motions for the attendance of witnesses[1] (ECF Nos. 85-87), he did not file a pretrial statement, and he did not appear either in person or telephonically at the November 17, 2016, trial confirmation hearing.

In light of the foregoing, on November 18, 2016, Plaintiff was ordered to show cause in writing on or before November 28, 2016, why this action should not be dismissed pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). (ECF No. 95.) Plaintiff was also directed to appear at a hearing on the Order to Show Cause ("OSC") set for December 5, 2016. He was specifically informed that his failure to comply with either of these two directives would result in the dismissal of this action. This order was

---

[1] These motions were ultimately denied for other reasons, including Plaintiff's failure to comply with the procedures for obtaining the attendance of incarcerated witnesses and for his failure to identify certain witnesses in response to Defendant's discovery request or at any time thereafter pursuant to his obligations under Federal Rule of Civil Procedure 26(e).

2

served on Plaintiff's new address of record and thus also deemed to have been fully effective.

When Plaintiff did not submit a response to the OSC by November 28, 2016, this action was dismissed with prejudice two days later. (ECF No. 98.)

Plaintiff did ultimately file a response to the OSC, though on December 1, 2016, four days after the OSC deadline. (ECF No. 99.) Therein, Plaintiff claimed that he attempted to call into the November 17, 2016, trial confirmation hearing but was unsuccessful, and that he has been homeless since his release from incarceration, which has caused him significant hardship in prosecuting this action.

As a result of this tardy filing, the undersigned held a hearing on December 5, 2016, to discuss the status of this case. During this hearing, Plaintiff made an oral motion for relief from judgment based on the reasons included in his late response to the OSC. Defendant opposes the motion.

**II.    Legal Standards**

Once the Court has issued an order or entered judgment, reconsideration may be sought by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Reconsideration may be based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment being void; (5) the judgment having been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).

**III.    Discussion**

Plaintiff in essence asks the Court to set aside its judgment dismissing this action with prejudice pursuant to Rule 60(b)(1). This rule provides that a court may relieve a

party or its legal representative from a final judgment for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

In <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, the Supreme Court interpreted "neglect" to encompass "faultless omissions to act and, more commonly, omissions caused by carelessness." 507 U.S. 380, 388 (1993). In assessing whether a set-aside is justified by a party's excusable neglect, courts apply a four-part test: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." <u>Id.</u> at 395.

### A. Prejudice to Defendant

To be prejudicial, "[t]he standard is whether [Defendant's] ability to pursue [their defenses] will be hindered." <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984). The Court should consider whether "the delay [has] result[ed] in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion[.]" <u>TCI Grp. Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 701 (9th Cir. 2001) (quoting <u>Thompson v. Am. Home Assur. Co.</u>, 95 F.3d 429, 433-34 (6th Cir. 1996)), overruled on other grounds by <u>Egelhoff v. Egelhoff ex rel. Breiner</u>, 532 U.S. 141 (2001). This factor weighs in favor of setting aside the judgment since, although Defendant would have to proceed to trial, the loss of a "quick victory" is not prejudice. <u>See</u> <u>TGI Grp. Life Ins. Plan</u>, 244 F.3d at 701 ("delaying resolution of the case" is not prejudice).

### B. The Length of the Delay

<u>Pioneer</u> next asks whether Plaintiff's neglect caused significant delay or otherwise had a deleterious influence on the proceedings. 507 U.S. at 395. As noted <u>supra</u>, Plaintiff's inability to follow the Court's rules and file timely documents has caused considerable delay and frustration on the part of both Defendant and the Court. Due to his Plaintiff's general failure to prosecute this action diligently, including through his failure to comply with his discovery obligations, his tardy filing of witness motions,

his failure to file a pretrial statement, and his late response to the OSC, trial-related proceedings and preparation have been hindered significantly. For example, Plaintiff's failure to follow procedural requirements and meet certain deadlines has resulted in the expenditure of time, effort and expense on Defendant's part in opposing untimely and procedurally-deficient motions and the Court's part in denying those motions. Additionally, the Pretrial Order, which issued on November 18, 2016, included absolutely no input from Plaintiff either in paper format or through his presence at the trial confirmation hearing. This lawsuit has become a one-sided effort carried almost entirely by Defendant.

### C. The Reason for the Delay

The third Pioneer factor requires an assessment of the reasons given for neglect. In Pioneer, the Supreme Court interpreted Congress's intent as to permit courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388. As such, delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. Bateman v U.S. Postal Srvc, 231 F.3d 1220, 1225 (9th Cir. 2000)

This action was dismissed for a number of reasons, including Plaintiff's failure to file timely witness motions, failure to file a pretrial statement, failure to appear at the November 16, 2016, trial confirmation hearing, and failure to timely respond to the OSC. In seeking relief from judgment, Plaintiff claims that he attempted to call into the trial confirmation hearing and that his homelessness has affected his ability to comply with certain orders of the Court. At the December 5, 2016, hearing, Plaintiff also claimed that he did mail a pretrial statement both to the Court and defense counsel before the October 14, 2016, deadline, and attributed any failure for its delivery to institutional problems at the prison.

Though the Court is sympathetic to Plaintiff's housing situation, Plaintiff has not demonstrated excusable neglect. Plaintiff's homelessness does not explain why Plaintiff filed late motions for the attendance of witnesses, which were due on October 14, 2016, while Plaintiff was still incarcerated. Plaintiff's homelessness also does not explain why he never filed a pretrial statement despite having been granted an extension of time to do so. Although Plaintiff claims that he submitted this pretrial statement to the prison mailroom, he has not proffered any prison mail logs showing that he submitted this document for mailing, and he has not now submitted a copy of his pretrial statement. Instead, Plaintiff asked for another extension of time to file it. And finally, Plaintiff's homelessness does not explain why he was unable to timely respond to the OSC. Accordingly, this factor weighs heavily against the granting of relief from judgment.

### D. Bad Faith

The last <u>Pioneer</u> factor examines whether Plaintiff acted in bad faith in failing to respond to various Court orders, comply with certain procedural requirements, and meet Court deadlines. The Court is not persuaded that Plaintiff acted in good faith when he failed to meet the numerous deadlines in this action. He knew of the many filing deadlines, and he was capable of moving for an extension of time when his circumstances rendered his compliance with certain deadlines difficult. Additionally, he has yet to file his pretrial statement, and he has yet to explain why he could not respond to the OSC in a timely manner.

### IV. Conclusion

For the reasons discussed, it is HEREBY ORDERED that Plaintiff's oral Motion for Relief from Judgment is DENIED.

IT IS SO ORDERED.

Dated:   December 9, 2016         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

6